UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH CHURCHILL,

        Petitioner,

   v.

UNITED STATES OF AMERICA

        Respondent.

Case No. 18-cv-295-pp

---

**ORDER SCREENING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE RESPONSE**

---

**I.    Background**

In February 2017, the U.S. Attorney issued an information charging the petitioner with one count of knowingly and intentionally distributing heroin. United States v. Kenneth Churchill, Case No. 17-cr-31-PP, Dkt. No. 1 (E.D. Wis. Feb. 15, 2017). An executed plea agreement was docketed on the same day, id. at dkt. no. 2, and the defendant waived indictment, id. at dkt. no. 3. On March 21, 2017, this court accepted the petitioner's guilty plea, id. at dkt. no. 7, and four months later sentenced him to serve forty months' imprisonment followed by three years of supervised release, id. at dkt. no. 30. The clerk entered judgment on July 17, 2017. Id. at Dkt. No. 31. The petitioner did not appeal.

On January 2, 2018, the petitioner wrote the court a letter asking the court to drop the two-level gun enhancement the court had applied in calculating the petitioner's advisory sentencing range under the U.S. Sentencing Guidelines. Id. at Dkt. No. 36. The court construed the letter as a

1

motion for sentence reduction and denied the motion, telling the petitioner that he needed to either (a) file an appeal with a higher court or (b) file a motion under 28 U.S.C. §2255 to vacate, correct, or set aside his sentence. Id. at Dkt. No. 37.

On February 26, 2018, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Churchill v. United States, Case No. 18-cv-295, at Dkt. No. 1 (E.D. Wis. Feb. 26, 2018). The motion alleges ineffective assistance of counsel and lists several alleged errors committed by trial counsel. First, he argued that counsel should have objected to the two-level gun enhancement because counsel knew petitioner had a concealed carry permit at his business and knew that he carried the gun because he went to bad neighborhoods as part of his rental business and to protect cash for his limousine service. Id. at 2. Second, he alleges that his lawyer knew that the petitioner had a "sick friend" for whom he obtained heroin once a month for eight to nine months, and that this "sick friend" was the person who had "set [him] up" with law enforcement. Id. at 3. Next, the petitioner alleges that the DEA followed him for a year and knew he was selling drugs only to his "sick friend," and that the DEA lied in alleging that he used his gun to protect his drugs. Id. Fourth, the petitioner asserts that counsel should have asked the government to file a Rule 35 motion for substantial assistance, indicating that he cooperated for a year with the DEA and helped the DEA obtain a conviction; he says he "put [his] life on the line" to provide the assistance and received nothing in return. Id. at 4. Fifth, the petitioner says that counsel told the petitioner that he would get a year off his sentence for "the drug program," good-time credit and six months in a halfway house. Id. He says that instead, he received the two-level gun enhancement, which prevents him from getting a

2

reduced sentence for completing the drug program even if he completed it. Id. Sixth, the defendant says that on July 13, 2017 he asked defense counsel to file an appeal, but that counsel responded that it would cost too much, that they would have to go to Chicago and that the defendant would "do" only sixteen to eighteen months. Id. at 4-5. Finally, the petitioner argues that he asked his lawyer to get back the car and cash that the government took from his home, but that counsel failed to do so. Id. at 5.

## II.   Analysis

### A.   Standard

The first thing a court must do in a proceeding under §2255 is review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted his claims and whether he has filed the motion within the limitations period.

3

B.   Ineffective Assistance of Counsel

The petitioner did not file a notice of appeal in his underlying criminal case. See Churchill, Case No. 18-cr-295. Normally, the failure to raise a claim on direct appeal prohibits the court from considering it in a §2255 motion. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) ("[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). There is an exception, however, for claims of ineffective assistance of counsel, which may be brought for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. James, 635 F.3d 909, 916 (7th Cir. 2011). The petitioner's motion raises a claim for ineffective assistance of counsel, which is a cognizable claim for §2255 relief and is not subject to the exhaustion requirement. The petition also appears timely. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a requirement that a petitioner file a motion for *habeas* review within one year of their conviction becoming "final." 28 U.S.C. §2255(f)(1). The court entered judgment on July 17, 2017; the petitioner filed this motion in February of 2018. He was within the time limits of 28 U.S.C. §2255(f).

Although the petitioner filed his petition in February 2018, the court was far from prompt in screening it. As a result, the petitioner now has been released from custody and is on supervision. But the Seventh Circuit has held that the fact that a petitioner is no longer in custody does not preclude review of a §2255 petition as long as he was in custody when he filed the motion. Torzala v. United States, 545 F.3d 517, 521 (7th Cir. 2008) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); Virsnieks v. Smith, 521 F.3d 707, 717-18 (7th Cir. 2008)). This is particularly true if a petitioner, despite his release,

4

continues to suffer adverse consequences of his conviction, such as being subject to supervision and being prohibited from possessing firearms. Id. Because the court cannot say that it plainly appears the petitioner is not entitled to relief, the court will require the respondent to respond to the petitioner's motion.

### III. Conclusion

The court **ORDERS** that by the end of the day on **September 11, 2020**, the respondent shall answer or otherwise respond to the motion, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files an answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner may file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleading in time for the court to *receive* them by the state deadlines.

Under Civil L.R. 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages—not counted any statements of fact, exhibits and affidavits. The court requires the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**